Chief Justice J. JONES
specially concurring.
I concur in the Court’s opinion but feel compelled to make two observations. First, had the magistrate court applied the correct legal standard under Idaho Code sections 16-2005(l)(b) and 16-2002(3)(b), the evidence in the record would certainly appear to support a finding that Doe had the ability to complete her case plan but willfully failed to do so. Second, as the Court finds, there was substantial and competent evidence at trial showing that termination was in M.R.’s best interest. Had the Department sought termination on the ground that it was in the best interest of both M.R. and Doe, the record would have likely supported termination under Idaho Code section 16-2005(3).
Upon remand, the magistrate court should focus some attention on a fact that stands out in the record—with whom Doe chose to leave M.R. when she was arrested for aggravated assault in August of 2012. As noted by the Court, Doe “signed over temporary guardianship” of M.R. to her parents at that time. These are the same parents that brutalized Doe when she was a child. Doe was removed from their home in 2000 and 2004 for physical abuse that resulted in head wounds and scarring that necessitated surgeries. Those parents consented to termination of their parental rights to Doe in 2004. What land of treatment could Doe have expected M.R. to receive at the hands of those parents/grandparents?